```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF VIRGINIA
                    Newport News Division
```

**UNITED STATES OF AMERICA,**

v.                                              Criminal No. 4:10cr132

**STEVEN CHRISTOPHER HARVEY,**

        Defendant.

## MEMORANDUM ORDER

This matter is before the Court on Steven Christopher Harvey's ("Defendant") motion asserting that the Government breached the plea agreement in this case by failing to file a Rule 35 sentence reduction motion based on Defendant's substantial assistance. For the reasons set forth below, Defendant's motion is **DENIED**.

On January 24, 2011, pursuant to a written plea agreement, Defendant pled guilty to two counts of an indictment arising out of a heroin trafficking conspiracy. ECF No. 112. The plea agreement contained the following express language regarding Defendant's cooperation: (1) "[t]he parties agree that the United States reserves the right to seek . . . any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a . . . reduction is appropriate"; (2) "[n]othing in this agreement places any obligation on the

government to seek the defendant's cooperation or assistance"; and (3) "[t]he defendant agrees that the decision whether to file [a Rule 35 motion] rests in the sole discretion of the United States." ECF No. 112 ¶¶ 10.g, 16, 17.

A district court may not, of its own accord, reduce a defendant's sentence after it has been imposed based on the defendant's substantial assistance "unless (1) the government has obligated itself in a plea agreement to move for such a [reduction], or (2) unless, in the absence of such an obligation, it is shown that the government's refusal or failure so to move 'was based on an unconstitutional motive.'" United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994) (quoting Wade v. United States, 504 U.S. 181, 185-86 (1992)); see United States v. Barksdale, 585 F. App'x 19, 19 (4th Cir. 2014) (same). With respect to the first avenue, controlling law provides that the Government has no obligation to move for a sentence reduction if the plea agreement states that the decision rests in the Government's "sole discretion." Wallace, 22 F.3d at 87.

Here, according to the express terms of the written plea agreement, the United States was not under any obligation to move for a sentence reduction pursuant to Federal Rule of Criminal Procedure 35 (nor was it obligated to move for a reduction at sentencing pursuant to Section 5K1.1 of the United States Sentencing Guidelines). To the contrary, the plea

2

agreement <u>twice states</u> that the parties agree that the decision to pursue a sentence reduction based on substantial assistance is in the Government's "sole discretion." Moreover, contrary to Defendant's contentions in his current motion, the plea agreement expressly states that the Government is <u>not</u> obligated to seek Defendant's cooperation or assistance.[1] Defendant has therefore failed to demonstrate that the Government breached an obligation contained in the written plea agreement. Defendant has separately failed to demonstrate that the Government's actions were driven by an unconstitutional motive.[2]

For the above stated reasons, Defendant's motion is **DENIED**. The Clerk is **REQUESTED** to provide a copy of this Memorandum Order to Defendant and to the United States Attorney's Office in Newport News, Virginia.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 12, 2016

---

[1] Defendant also argues that the Government was contractually obligated to highlight Defendant's assistance to the Court at sentencing. However, the Court is unable to locate any provision in the plea agreement providing such promise, and Defendant's argument on this point appears to misquote a provision stating: "[t]he United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of <u>other prosecuting offices</u> if requested." ECF No. 112 ¶ 11 (emphasis added).

[2] A prosecutor has an unconstitutional motive when the prosecutor refuses to file a substantial assistance motion because of, for example, the "defendant's race or religion." <u>Wade</u>, 504 U.S. at 186.